PER CURIAM.
This appeal arises from an administrative complaint filed by the Department of Professional Regulation, Real Estate Division [DPR], against Linda Schumacher and Linda Schumacher, Inc. for alleged violations of chapter 475, Florida Statutes. DPR claimed, among other things, that Schu-macher had denied DPR investigators access to her books and records for review, and had made an unauthorized withdrawal of $50 from an escrow account for petty cash.
After a section 120.57 hearing on the matter, the DOAH hearing officer issued a recommended order which found Schu-macher guilty of violating section 475.-25(l)(e), Florida Statutes, for failing to promptly produce her records for review as required by Rule 21V-14.012, Florida Administrative Code, and recommended that Schumacher be reprimanded for that violation. He further recommended that all other charges be dismissed, expressly finding that the unauthorized withdrawal of escrow funds was inadvertent. In its final order, DPR specifically rejected this finding of fact and added to Schumacher’s recommended penalty one year of probation and a fine of $500. Schumacher appeals.
We conclude that DPR erred in rejecting the finding of fact. There is record testimony, obviously believed by the hearing officer, to the effect that Schumacher withdrew the $50 from her escrow account out of a simple human mistake and replaced the funds one month later immediately after learning of the discrepancy. From this testimony, the hearing officer found the withdrawal to be inadvertent. DPR has failed to demonstrate that the finding of fact is not supported by any competent substantial evidence. On the contrary, DPR argues merely that the evidence cited above indicates that the withdrawal was not inadvertent. This different view of the same evidence affords no basis for an agency to reject a hearing officer’s finding of fact.
The agency may reject the hearing officer’s findings of fact only when there is “no competent substantial evidence from which the finding could be reasonably inferred.” [e.o.] Berry v. Department of Environmental Regulation, 530 So.2d 1019, 1022 (Fla. 4th DCA 1988). The Administrative Procedure Act provides in pertinent part:
The agency in its final order * * * may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence
§ 120.57(l)(b)(10), Fla.Stat. (1991). A finding that Schumacher’s withdrawal was altogether inadvertent was certainly permissible, especially as a credibility determination, from the testimony of Schumacher. DPR’s thorough investigation of Schu-macher’s account activity revealed no other instances of like conduct, and Schumacher *77 promptly replaced the funds after learning of her mistake.
We reverse DPR’s improper rejection of the finding of fact and remand with instructions to dismiss the charge on which that finding was based, it being the only basis for the charge, and direct DPR to enter a final order consistent with our conclusions.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GLICKSTEIN, ANSTEAD and FARMER, JJ., concur.